IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  04-cv-00423-WYD-MJW

TYRONE A. HONEYCUTT,
LONNIE L. HARRIS, and
SEAN MURRAY,

    Plaintiffs,

v.

SAFEWAY, INC.,

    Defendant.

## ORDER

THIS MATTER is before the Court on Defendant Safeway's Motion to Dismiss Case with Prejudice ("Motion"), filed January 5, 2005, wherein Defendant asserts that "Plaintiffs' protracted pattern of discovery delays and repeated violations of the Court's orders warrant dismissal of Plaintiff's claims."  Mot. at 2.  Defendant argues that dismissal is appropriate under Rule 37 because the Court warned Plaintiff's counsel that failure to comply with its order to provide written discovery responses and initial disclosures by a date certain "could result in dismissal of the case."[1]  *Id*.  Defendant further claims dismissal is an appropriate sanction in this case because the five factors considered by the *Ehrenhaus* Court are satisfied.[2]  *Ehrenhaus v. Reynolds*, 965 F.2d

---

[1] Defendant also claims dismissal is proper under Rule 41(b), which allows a court to involuntarily dismiss an action where a plaintiff fails "to prosecute or to comply with [the Federal] Rules of Civil Procedure] or any order of the court."  Fed.R.Civ.P. 41(b).

[2] Prior to affirming the district court's decision to dismiss the complaint with prejudice pursuant to Rule 37(b)(2)(C), the *Ehrenhaus* court considered the following factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial

916, *918 (10th Cir. 1992).  Upon my review of relevant law and of the entire record, I find Defendant's Motion should be denied.

Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure permits a court to issue "[a]n order . . . dismissing an action" "[i]f a party . . . fails to obey an order to provide or permit discovery."  "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice."  *Ehrenhaus*, 965 F.2d at 918.  However, "dismissal represents an extreme sanction appropriate only in cases of willful misconduct."  *Id.* at 920.  "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."  *Id.* at 921.

Here, I find dismissing this action would not serve the interests of justice and would unfairly penalize Plaintiffs for the missteps taken by their original counsel in this action, Lynne L. Hicks.  Although Plaintiffs did not provide initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) and responses to Safeway's written discovery, I do not find that such inaction constitutes willful misconduct on the part of Plaintiffs.  As more fully set forth in Defendant's Motion to Compel Plaintiffs' Discovery Responses and Initial Disclosures Pursuant to Fed.R.Civ.P. 26(A)(1) ("Motion to Compel"), filed September 27, 2004, the discovery lapses in this action initially occurred because Ms. Hicks did not

---

process; ... (3) the culpability of the litigant"; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.  *Ehrenhaus*, 965 F.2d at 921 (internal citations omitted).

respond to Defendant's repeated requests for disclosures and written discovery.[3] Furthermore, the record is replete with evidence that Ms. Hicks did a poor job of adhering to, and keeping Plaintiffs apprized of, Court imposed deadlines.[4]

I further find the facts of the case at bar are clearly distinguishable from those in *Ehrenhaus*. In the latter action, the plaintiff's ability to comply with the court's order to attend the rescheduled deposition was independent of any necessary compliance on the part of his counsel; ultimately, Ehrenhaus "intentionally refused to appear." *Ehrenhaus*, 965 F.2d at 921. Conversely, Plaintiffs' compliance with the Court's order to provide written discovery responses and initial disclosures in this action was substantially predicated upon the efforts of their attorney. When considering the third *Ehrenhaus* factor, the culpability of the litigant, the *Ehrenhaus* court acknowledged the importance of this distinction: "[i]t is plaintiff's acts, not those of his counsel, which are at issue here." *Id*. For all of these reasons, it is

ORDERED that Defendant Safeway's Motion to Dismiss Case with Prejudice, filed January 5, 2005, is **DENIED**.

---

[3]Defendant states the following: "On August 25, 2004, pursuant to the parties' agreement, Safeway hand-delivered another set of its written discovery to Ms. Hick's office. On September 16, 2004, counsel for Safeway left Ms. Hicks a voice-mail message inquiring about the status of the initial disclosures and responses to Safeway's written discovery. Ms. Hicks did not respond to the message. Accordingly, on September 17, 2004, counsel for Safeway sent Ms. Hicks a letter informing the Plaintiffs that Safeway would file a motion to compel with the Court if it did not receive the disclosures and written discovery by September 21, 2004. Ms. Hicks did not respond to counsel's letter...". Mot. to Compel, at 3.

[4]Even after failing to appear a second time at a March 18, 2005 Settlement Conference, Ms. Hicks could not be reached by telephone. Am. Order to Show Cause, at 2.

Dated: August 5, 2005

                              BY THE COURT:

                              s/ Wiley Y. Daniel
                              Wiley Y. Daniel
                              U. S. District Judge